## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| **DEANGELO WEIR,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 3:19-cv-131** |
| | ) | **Judge Richardson/Frensley** |
| **CENTURION, ET AL** | ) | |
| **Defendants.** | ) | |

## <u>REPORT AND RECOMMENDATION</u>

### BACKGROUND

By Order dated March 28, 2019, (Docket No. 7), the Court referred this prisoner civil rights action to the magistrate judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

The Plaintiff brought this action while an inmate at the Riverbend Maximum Security Institution in Nashville, Tennessee, against Centurion and its employees alleging that he was unconstitutionally deprived of necessary medical care. Docket No. 1. Upon initial review, the Court found that the Plaintiff's individual-capacity deliberate indifference claims against Defendants Jordan and Fite as will Plaintiff's individual-capacity retaliation claim against Defendants Holloway, Jordan, and Fite would proceed. Docket No. 6. The Court dismissed various other claims brought by Plaintiff. *Id.*

Pursuant to the March 28, 2019 Order, the Clerk mailed to Plaintiff three (3) services packets which he was to complete and return to the clerk's office within 30 days. On April 10, 2019, the Tennessee Department of Correction provided a letter to the Clerk of Court indicating that the Plaintiff had been released on parole March 19, 2019, and provided an address for Plaintiff. Docket No. 9. The Clerk thereafter resent the service packets to Plaintiff. On May 1, 2019, the

Plaintiff filed a notice of change of address with the Clerk of Court providing yet another address. Docket No. 11. The clerk again mailed the service packets to the Plaintiff's new address on May 3, 2019. The Court again resent the service packets on July 5, 2019. To date, Plaintiff has not returned the completed service packets or otherwise made any type of response to the Court's March 28, 2019 order. The docket for the case indicates that Plaintiff has had no contact with the Court or made any filings since filing the notice of change of address on May 1, 2019.

On March 17, 2021, the Court entered a show cause order instructing the Plaintiff to show cause for his failure to keep the clerk's office aware of his current address and noted that if Plaintiff failed to comply with the Court's order it would be recommended that his action be dismissed without prejudice. Docket No. 14.

## LAW AND ANALYSIS

Here, Plaintiff has failed to return service packets as directed or otherwise take any action in this case. Furthermore, he did not respond to the Court's show cause order during the same time period. This indicates that he has lost interest in prosecuting the case and has failed to comply with the Federal Rules of Civil Procedure, Local Rules of Court and this Court's orders.

Rule 4(m) requires that the defendants be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. Because Defendants in this case have not been served with process within the time period set out in Rule 4(m), this action should be dismissed.

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a Plaintiff to prosecute the claim or comply with the Rules or any order of the Court. *Schafer v. City of Defiance Police Department*, 529 F. 3d 731, 736 (6th Cir. 2008)(*citing*

*Knoll v. AT & T*, 176 F. 3d 359, 362-3 (6th Cir. 1999)); *Carpenter v. City of Flint*, 723 F. 3d 700, 704 (6th Cir. 2013)("It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute."). Similarly, this Court's Local Rules provides that "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party may be summarily dismissed . . . without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." Local Rule 41.01(a)(dismissal for unreasonable delay. Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F. 3d at 736 (*quoting Knoll*, 176 F. 3d at 363).

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a Plaintiff fails to prosecute or to comply with an order of the Court. *See, Jourdan v. Jabe*, 951 F. 2d 108, 109 (6th Cir., 1991). "[W]hile pro se litigants may be granted some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F. 3d 413, 416 (6th Cir. 1996).

For the reasons set forth herein, the Court respectfully recommends this action be **DISMISSED WITHOUT PREJUDICE** in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.[1]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days

---

[1] While the Court previously advised Plaintiff in the show cause order that failure to comply may result in a recommendation that this action be dismissed, this Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action, and the fourteen-day period for filing objections provides him with the opportunity to show good cause why the action should not be dismissed.

3

from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**

4